KOG/PMC 2021R0285

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | | CRIMINAL NO. JKB-22-105 |
| v. | * | |
| | | (Willful Transmission of National Defense |
| MARK ROBERT UNKENHOLZ, | * | Information, 18 U.S.C. §793(d);  Willful Retention of National Defense Information, |
| Defendant. | * | 18 U.S.C. §793(e)) |
| | * | UNDER SEAL |

...ooOoo...

## INDICTMENT

### COUNTS ONE THROUGH THIRTEEN
(Willful Transmission of National Defense Information)

The Grand Jury for the District of Maryland charges:

### Introduction

At all times relevant to this Indictment:

1. The defendant, **MARK ROBERT UNKENHOLZ ("UNKENHOLZ")**, was an employee of the National Security Agency ("NSA"). **UNKENHOLZ** worked for an office within NSA that was responsible for NSA's engagement with private industry.

2. Pursuant to Executive Order 12958 signed on April 17, 1995, as amended by Executive Order 13292 on March 25, 2003, and Executive Order 13526 on December 29, 2009, national security information was classified as "TOP SECRET," "SECRET," or "CONFIDENTIAL." National security information was information owned by, produced by, produced for, and under the control of the United States government that was classified as follows:

a. Information was classified as TOP SECRET if the unauthorized disclosure of that information reasonably could be expected to cause exceptionally grave damage to the national security that the original classification authority was able to identify and describe.

b. Information was classified as SECRET if the unauthorized disclosure of that information reasonably could be expected to cause serious damage to the national security that the original classification authority was able to identify and describe.

c. Information was classified as CONFIDENTIAL if the unauthorized disclosure of that information reasonably could be expected to cause damage to the national security that the original classification authority was able to identify and describe.

3. Access to national security information classified at any level could be further restricted through TOP SECRET/SENSITIVE COMPARTMENTED INFORMATION ("SCI") categories. Only individuals with the appropriate security clearance and additional SCI permissions could have authorized access to such classified national security information.

4. Classified information, including SCI, was marked according to its classification and applicable SCI compartments, following standard formats for different types of media, including headers and footers stating the highest classification level and SCI compartments of information a document contained and individual classifications markings for each paragraph.

5. Information classified at any level could only be lawfully accessed by persons determined by an appropriate United States government official to be eligible for access to classified information, who had signed an approved non-disclosure agreement, who received a security clearance, and who had a "need to know" the classified information. Classified information could only be stored in an approved facility and container.

6. UNKENHOLZ held a TOP SECRET/SENSITIVE COMPARTMENTED INFORMATION ("SCI") security clearance and had lawful access to classified information

relating to the national defense that was closely held by the government ("National Defense Information" or "NDI").

7. From approximately April 2016 until approximately June 2019, R.F. was employed by COMPANY 1 and held a TOP SECRET/SCI security clearance. While employed at COMPANY 1, R.F. was the user of a specific COMPANY 1 email address ("COMPANY 1 EMAIL ADDRESS"). After June 2019, R.F. was not authorized to access or receive classified information or NDI.

8. From approximately July 2019 until approximately January 2021, R.F. was employed by COMPANY 2 and did not hold a security clearance. While employed at COMPANY 2, R.F. was the user of a specific COMPANY 2 email address ("COMPANY 2 EMAIL ADDRESS").

9. **UNKENHOLZ** was the user of a specific private email address ("PERSONAL EMAIL ADDRESS").

10. PERSONAL EMAIL ADDRESS, COMPANY 1 EMAIL ADDRESS, and COMPANY 2 EMAIL ADDRESS were not authorized locations for the storage of classified information or NDI. **UNKENHOLZ** was not authorized to send R.F. classified information or NDI using his PERSONAL EMAIL ADDRESS, nor was R.F. ever authorized to receive it at her COMPANY 1 EMAIL ADDRESS or COMPANY 2 EMAIL ADDRESS.

### The Charges

11. On or about the dates indicated, in the District of Maryland and elsewhere,

**MARK ROBERT UNKENHOLZ,**

the defendant, lawfully having possession of, access to, and control over information relating to the national defense, which information the defendant had reason to believe could be used to the

injury of the United States or to the advantage of any foreign nation, willfully communicated and transmitted the same to a person not entitled to receive it, to wit: as indicated in the below Counts, **UNKENHOLZ** communicated and transmitted the classified NDI to R.F. via his PERSONAL EMAIL ADDRESS:

| COUNT | DATE | COMMUNICATION | CLASSIFICATION OF NDI |
|---|---|---|---|
| 1 | February 14, 2018 | **UNKENHOLZ** PERSONAL EMAIL ADDRESS to R.F.'s COMPANY 1 EMAIL ADDRESS | SECRET |
| 2 | April 21, 2018 | **UNKENHOLZ** PERSONAL EMAIL ADDRESS to R.F.'s COMPANY 1 EMAIL ADDRESS | SECRET |
| 3 | May 13, 2018 | **UNKENHOLZ** PERSONAL EMAIL ADDRESS to R.F.'s COMPANY 1 EMAIL ADDRESS | TOP SECRET/SCI |
| 4 | May 20, 2018 | **UNKENHOLZ** PERSONAL EMAIL ADDRESS to R.F.'s COMPANY 1 EMAIL ADDRESS | TOP SECRET/SCI |
| 5 | August 31, 2018 | **UNKENHOLZ** PERSONAL EMAIL ADDRESS to R.F.'s COMPANY 1 EMAIL ADDRESS | TOP SECRET/SCI |
| 6 | March 21, 2019 | **UNKENHOLZ** PERSONAL EMAIL ADDRESS to R.F.'s COMPANY 1 EMAIL ADDRESS | SECRET |
| 7 | August 9, 2019 | **UNKENHOLZ** PERSONAL EMAIL ADDRESS to R.F.'s COMPANY 2 EMAIL ADDRESS | TOP SECRET/SCI |
| 8 | August 29, 2019 | **UNKENHOLZ** PERSONAL EMAIL ADDRESS to R.F.'s COMPANY 2 EMAIL ADDRESS | TOP SECRET/SCI |
| 9 | January 22, 2020 | **UNKENHOLZ** PERSONAL EMAIL ADDRESS to R.F.'s COMPANY 2 EMAIL ADDRESS | TOP SECRET/SCI |
| 10 | January 29, 2020 | **UNKENHOLZ** PERSONAL EMAIL ADDRESS to R.F.'s COMPANY 2 EMAIL ADDRESS | TOP SECRET/SCI |
| 11 | March 9, 2020 | **UNKENHOLZ** PERSONAL EMAIL ADDRESS to R.F.'s COMPANY 2 EMAIL ADDRESS | TOP SECRET/SCI |
| 12 | April 21, 2020 | **UNKENHOLZ** PERSONAL EMAIL ADDRESS to R.F.'s COMPANY 2 EMAIL ADDRESS | TOP SECRET/SCI |

| 13 | June 1, 2020 | **UNKENHOLZ** PERSONAL EMAIL ADDRESS to R.F.'s COMPANY 2 EMAIL ADDRESS | TOP SECRET/SCI |

18 U.S.C. § 793(d).

## COUNTS FOURTEEN THROUGH TWENTY-SIX

### (Willful Retention of National Defense Information)

The Grand Jury for the District of Maryland further charges that:

1. Paragraphs 1 through 10 of Count One are realleged and incorporated by reference as though fully set forth in these Counts.

2. On or about the dates indicated, in the District of Maryland and elsewhere,

**MARK ROBERT UNKENHOLZ,**

the defendant, having unauthorized possession of, access to, and control over information relating to the national defense, which information the defendant had reason to believe could be used to the injury of the United States or to the advantage of any foreign nation, willfully retained the information and failed to deliver it to the officer or employee of the United States entitled to receive it, to wit: as indicated below, **UNKENHOLZ** retained the classified NDI contained in email communications to R.F. within his PERSONAL EMAIL ADDRESS:

| COUNT | DATE | COMMUNICATION | CLASSIFICATION OF NDI |
|---|---|---|---|
| 14 | February 14, 2018 | **UNKENHOLZ** PERSONAL EMAIL ADDRESS to R.F.'s COMPANY 1 EMAIL ADDRESS | SECRET |
| 15 | April 21, 2018 | **UNKENHOLZ** PERSONAL EMAIL ADDRESS to R.F.'s COMPANY 1 EMAIL ADDRESS | SECRET |
| 16 | May 13, 2018 | **UNKENHOLZ** PERSONAL EMAIL ADDRESS to R.F.'s COMPANY 1 EMAIL ADDRESS | TOP SECRET/SCI |
| 17 | May 20, 2018 | **UNKENHOLZ** PERSONAL EMAIL ADDRESS to R.F.'s COMPANY 1 EMAIL ADDRESS | TOP SECRET/SCI |
| 18 | August 31, 2018 | **UNKENHOLZ** PERSONAL EMAIL ADDRESS to R.F.'s COMPANY 1 EMAIL ADDRESS | TOP SECRET/SCI |
| 19 | March 21, 2019 | **UNKENHOLZ** PERSONAL EMAIL ADDRESS to R.F.'s COMPANY 1 EMAIL ADDRESS | SECRET |

| 20 | August 9, 2019 | **UNKENHOLZ** PERSONAL EMAIL ADDRESS to R.F.'s COMPANY 2 EMAIL ADDRESS | TOP SECRET/SCI |
| 21 | August 29, 2019 | **UNKENHOLZ** PERSONAL EMAIL ADDRESS to R.F.'s COMPANY 2 EMAIL ADDRESS | TOP SECRET/SCI |
| 22 | January 22, 2020 | **UNKENHOLZ** PERSONAL EMAIL ADDRESS to R.F.'s COMPANY 2 EMAIL ADDRESS | TOP SECRET/SCI |
| 23 | January 29, 2020 | **UNKENHOLZ** PERSONAL EMAIL ADDRESS to R.F.'s COMPANY 2 EMAIL ADDRESS | TOP SECRET/SCI |
| 24 | March 9, 2020 | **UNKENHOLZ** PERSONAL EMAIL ADDRESS to R.F.'s COMPANY 2 EMAIL ADDRESS | TOP SECRET/SCI |
| 25 | April 21, 2020 | **UNKENHOLZ** PERSONAL EMAIL ADDRESS to R.F.'s COMPANY 2 EMAIL ADDRESS | TOP SECRET/SCI |
| 26 | June 1, 2020 | **UNKENHOLZ** PERSONAL EMAIL ADDRESS to R.F.'s COMPANY 2 EMAIL ADDRESS | TOP SECRET/SCI |

18 U.S.C. § 793(e).

Erek L. Barron
United States Attorney

A TRUE BILL:

SIGNATURE REDACTED

Foreperson

3/29/2022
Date