IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. SAG-22-105 |
| | * | |
| MARK ROBERT UNKENHOLZ, | * | |
| | * | |
| Defendant. | * | |
| | ******* | |

**SECOND CONSENT MOTION FOR ORDER
REGARDING SPEEDY TRIAL STATUS**

The United States of America, by and through its attorneys, hereby submits this second consent motion for an exclusion of time under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7), in the above-captioned matter, and in support thereof submit the following:

1. On March 29, 2022, a federal grand jury in the District of Maryland returned an indictment charging the defendant with thirteen counts of willful transmission of national defense information, in violation of 18 U.S.C. § 793(d), and thirteen counts of willful retention of national defense information, in violation of 18 U.S.C. § 793(e). The national defense information at issue in this case is classified and subject to certain protective measures as codified in the Classified Information Procedures Act, 18 U.S.C. App. III ("CIPA"). The defendant had his initial appearance and arraignment on March 31, 2022. The defendant is on release under pretrial supervision pending trial.

2. On April 7, 2022, the government filed a Motion to Appoint Classified Information Security Officer Pursuant to CIPA § 2 and Memorandum of Law Regarding Statutory Procedures for Handling of Classified Information. *See* ECF 18. That same day, the Court granted the government's Motion for Appointment. *See* ECF 19.

3. On May 10, 2022, the government filed a consent motion to exclude time under the Speedy Trial Act until thirty days after defense counsel received security clearances, because the case involves potential CIPA litigation and classified discovery materials. The Court granted that motion on May 11, 2022.

4. On October 5, 2022, the Classified Information Security Officer advised government counsel that both defense counsel have received their full security clearances for purposes of this case. Because defense counsel have their full Top Secret security clearances, they are now eligible to be "read on" to a compartmented program controlled by the Executive Branch. This read on is necessary before defense counsel can view most of the classified information in this case. The government has already provided initial unclassified discovery and will begin the process of producing classified discovery materials that can be stored in the courthouse to defense counsel once they receive their read on. Producing subsequent classified discovery, information that is stored at the National Security Agency and accessed by the defense team from a facility there, cannot begin until an expert previously selected by the defense is also fully cleared and read on. It is anticipated that this process will take some time due to the nature and volume of the classified materials.

5. The Speedy Trial Act provides: "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1).

6. The Act excludes "any period of delay resulting from a continuance granted

. . . at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Among the factors a court must consider in granting such a motion is whether failure to grant a continuance would result in a "miscarriage of justice" or "deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. §§ 3161(h)(7)(B)(i) & (iv).

7. In the instant case, trial must commence on or before January 13, 2023, absent another exclusion under the Speedy Trial Act. This is a complex case that includes potential CIPA litigation and complicated measures relating to the production of classified information during the discovery process. The discovery, specifically the classified discovery, is also quite voluminous.

8. Based on the foregoing, the government submits that the ends of justice will be served by a reasonable continuance of the speedy trial date and that a continuance outweighs the interests of the defendant and of the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). As detailed above, the grounds for a reasonable continuance include (1) the need for additional time for the parties to file motions and responses thereto pursuant to CIPA, and for the Court to rule on any such motions; (2) the need to allow additional time for the defendant's counsel to review classified discovery; and (3) the need for additional time for the parties to engage in discussions to determine whether the matter can be resolved without a trial.

9. For the foregoing reasons, the government requests permission to submit a

status report to the Court on or before January 13, 2023. The government further requests that the Court enter an order excluding the period between October 5, 2022, and January 13, 2023, from calculations under the Speedy Trial Act of the time in which the trial in this case must commence.

10. Undersigned counsel represents that counsel for the defendant have advised that they have no objection to this motion and order.

WHEREFORE, the government respectfully requests that this Court enter an order excluding from speedy trial calculations the entire period between October 5, 2022, and January 13, 2023, pursuant to 18 U.S.C. § 3161(h)(7).

A proposed order is attached for the Court's consideration.

Respectfully submitted,

Erek L. Barron United States Attorney

By: _____
Kathleen O. Gavin
P. Michael Cunningham
Assistant United States Attorneys
36 South Charles St., 4th Floor
Baltimore, Maryland 21201
(410) 209-4800

*S. Derek Shugert*
S. Derek Shugert
Trial Attorney
Counterintelligence and Export Control Section
National Security Division
U.S. Department of Justice