

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

---

Robert I. Goldaris
Assistant United States Attorney
Robert.Goldaris@usdoj.gov

Suite 400:
36 S. Charles Street, 4th Floor
Baltimore, MD 21201

Direct: 410-209-4831
Main: 410-209-4800
Fax: 410-962-3091

April 28, 2025

Via email:
jim_wyda@fd.org
courtney_francik@fd.org

James Wyda, Esquire
Courtney Francik, Esquire
Office of the Federal Public Defender
100 S. Charles Street, Tower II, Ninth Floor
Baltimore, Maryland 21201

Re:   *United States v. Mark R. Unkenholz*
      Criminal No. 22-cr-00105-SAG

Dear Counsel:

This letter, together with the Sealed Supplement, constitutes the plea agreement (this "Agreement") that has been offered to your client, Mark R. Unkenholz, (the "Defendant"), by the United States Attorney's Office for the District of Maryland and the Department of Justice, National Security Division ("this Office"). If the Defendant accepts this offer, please have the Defendant execute it in the spaces provided below. If this offer has not been accepted by **May 2, 2025 at 5:00 p.m.**, it will be deemed withdrawn. The terms of the Agreement are as follows:

### Offense of Conviction

1.   The Defendant agrees to waive indictment and plead guilty to a one count Criminal Information charging him with unauthorized removal and retention of classified documents or material, in violation of 18 U.S.C. § 1924(a). The Defendant admits that he is, in fact, guilty of the offense and will so advise the Court.

### Elements of the Offense

2.   The elements of the offense to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows: That between in or about February 2018, and in or about June 2020, in the District of Maryland:

   a.   First, that the Defendant, by virtue of being an officer of the United States, became possessed of documents or materials containing classified information of the United States, as that term is defined at 18 U.S.C. § 1924(c);

  b. Second, that the Defendant, without authority, knowingly removed such documents and materials; and

  c. Third, the Defendant intentionally retained said classified documents and material at an unauthorized location.

## Penalties

3. The maximum penalties provided by statute for the offense to which the Defendant is pleading guilty are as follows:

| Count | Statute | Minimum Prison | Maximum Prison | Supervised Release | Maximum Fine | Special Assessment |
|---|---|---|---|---|---|---|
| 1 | 18 U.S.C. § 1924(a) | N/A | 5 yrs | 3 yr | $250,000 | $100 |

  a. Prison: If the Court orders a term of imprisonment, the Bureau of Prisons has sole discretion to designate the institution at which it will be served.

  b. Supervised Release: If the Court orders a term of supervised release, and the Defendant violates the conditions of supervised release, the Court may order the Defendant returned to custody to serve a term of imprisonment as permitted by statute, followed by an additional term of supervised release.

  c. Restitution: The Court may order the Defendant to pay restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.

  d. Payment: If a fine or restitution is imposed, it shall be payable immediately, unless the Court orders otherwise under 18 U.S.C. § 3572(d). The Defendant may be required to pay interest if the fine is not paid when due.

  e. Forfeiture: The Court may enter an order of forfeiture of assets directly traceable to the offense, substitute assets, and/or a money judgment equal to the value of the property subject to forfeiture.

  f. Collection of Debts: If the Court imposes a fine or restitution, this Office's Financial Litigation Unit will be responsible for collecting the debt. If the Court establishes a schedule of payments, the Defendant agrees that: (1) the full amount of the fine or restitution is nonetheless due and owing immediately; (2) the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment; and (3) the United States may fully employ all powers to collect on the total amount of the debt as provided by law. Until the debt is paid, the Defendant agrees to disclose all assets in which the Defendant has any interest or over which the Defendant

exercises direct or indirect control. Until the money judgment is satisfied, the Defendant authorizes the Government to obtain a credit report in order to evaluate the Defendant's ability to pay, and to request and review the Defendant's federal and state income tax returns. The Defendant agrees to complete and sign a copy of IRS Form 8821 (relating to the voluntary disclosure of federal tax return information) and a financial statement in a form provided by the Government.

<u>Waiver of Rights</u>

4.      The Defendant understands that by entering into this Agreement, the Defendant surrenders certain rights as outlined below:

   a.     The Defendant would have the right to have the count charged in the Information presented to a Grand Jury in the District of Maryland for the return of an Indictment charging that offense in said District.

   b.     If the Defendant had pled not guilty and persisted in that plea, the Defendant would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, the Government, and the Court all agreed.

   c.     If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

   d.     If the Defendant went to trial, the Government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the Government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in defense, however, the Defendant would have the subpoena power of the Court to compel the witnesses to attend.

   e.     The Defendant would have the right to testify in his own defense if he so chose, and he would have the right to refuse to testify. If the Defendant chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from the Defendant's decision not to testify.

   f.     If the Defendant were found guilty after a trial, he would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

Rev. August 2018

g.  By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that he may have to answer the Court's questions both about the rights being given up and about the facts of the case. Any statements that the Defendant makes during such a hearing would not be admissible against the Defendant during a trial, except in a criminal proceeding for perjury or false statement.

h.  If the Court accepts the Defendant's plea of guilty, the Defendant will be giving up the right to file and have the Court rule on pretrial motions, and there will be no further trial or proceeding of any kind in the above-referenced criminal case, and the Court will find the Defendant guilty.

i.  By pleading guilty, the Defendant will also be giving up certain valuable civil rights. Specifically, the Defendant will be giving up the right to possess firearms unless that right is restored to him at some time in the future. The Defendant nevertheless affirms that the Defendant wants to plead guilty regardless of any potential consequences.

### Advisory Sentencing Guidelines Apply

5.  The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. § 3551-3742 (excepting 18 U.S.C. § 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

### Factual and Advisory Guidelines Stipulation

6.  The Government and the Defendant stipulate and agree to the Statement of Facts set forth in Attachment A, which is incorporated by reference herein.

a.  There is no USSG section specifically applicable to 18 U.S.C. § 1924, nor is there a sufficiently analogous guideline provision. The parties agree, in accordance with USSG § 2X5.1, that the provisions of 18 U.S.C. § 3553 shall control.

b.  This Office would fully credit the Defendant's acceptance of responsibility under USSG § 3E1.1(a), if that provision was applicable.

7.  There is no agreement as to the Defendant's criminal history and the Defendant understands that the Defendant's criminal history could alter the Defendant's offense level.

## Obligations of the Parties

8. At the time of sentencing, both parties will recommend that the Defendant not be sentenced to a period of incarceration. The Government is not recommending that the Court impose a fine. Both parties reserve the right to argue for any other reasonable sentence, considering any appropriate factors in 18 U.S.C. § 3553(a). After sentencing, the Government will move to dismiss the open counts of the indictment.

## Waiver of Appeal

9. In exchange for the concessions made by the Government and the Defendant in this Agreement, the Government and the Defendant waive their rights to appeal as follows:

   a. The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or any other statute or constitutional provision, to appeal the Defendant's conviction on any ground whatsoever, except for appeals based on claims of ineffective assistance of counsel or prosecutorial misconduct. This includes a waiver of all right to appeal the Defendant's conviction on the ground that the statute(s) to which the Defendant is pleading guilty is unconstitutional, or on the ground that the admitted conduct does not fall within the scope of the statute(s), to the extent that such challenges legally can be waived.

   b. The Defendant and the Government knowingly and expressly waive all rights conferred by 18 U.S.C. § 3742 to appeal whatever sentence is imposed (including any term of imprisonment, fine, term of supervised release, or order of restitution) for any reason (including the establishment of the advisory sentencing guidelines range, the determination of the Defendant's criminal history, the weighing of the sentencing factors, and any constitutional challenges to the calculation and imposition of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release), **except** as follows: the Defendant reserves the right to appeal any sentence that exceeds the statutory maximum.

   c. The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from the Government or any investigating agency.

## Defendant's Conduct Prior to Sentencing and Breach

10. Between now and the date of the sentencing, the Defendant will not engage in conduct that constitutes obstruction of justice under U.S.S.G. § 3C1.1; will not violate any federal, state, or local law; will acknowledge guilt to the probation officer and the Court; will be truthful in any statement to the Court, the Government, law enforcement agents, and probation officers; will cooperate in the preparation of the presentence report; and will not move to withdraw from the plea of guilty or from this Agreement.

11. If the Defendant engages in conduct prior to sentencing that violates the above paragraph of this Agreement, and the Court finds a violation by a preponderance of the evidence,

then: (i) the Government will be free from its obligations under this Agreement; (ii) the Government may make sentencing arguments and recommendations different from those set out in this Agreement, even if the Agreement was reached pursuant to Rule 11(c)(1)(C); and (iii) in any criminal or civil proceeding, the Government will be free to use against the Defendant all statements made by the Defendant and any of the information or materials provided by the Defendant, including statements, information, and materials provided pursuant to this Agreement, and statements made during proceedings before the Court pursuant to Rule 11 of the Federal Rules of Criminal Procedure. A determination that the Government is released from its obligations under this Agreement will not permit the Defendant to withdraw the guilty plea. The Defendant acknowledges that the Defendant may not withdraw the Defendant's guilty plea—even if made pursuant to Rule 11(c)(1)(C)—if the Court finds that the Defendant breached the Agreement.

### Court Not a Party

12.  The Court is not a party to this Agreement. The sentence to be imposed is within the sole discretion of the Court. The Court is not bound by the Sentencing Guidelines stipulation in this Agreement. The Court will determine the facts relevant to sentencing. The Court is not required to accept any recommendation or stipulation of the parties. The Court has the power to impose a sentence up to the maximum penalty allowed by law. If the Court makes sentencing findings different from those stipulated in this Agreement, or if the Court imposes any sentence up to the maximum allowed by statute, the Defendant will remain bound to fulfill all of the obligations under this Agreement. Neither the prosecutor, defense counsel, nor the Court can make a binding prediction, promise, or representation as to what guidelines range or sentence the Defendant will receive. The Defendant agrees that no one has made such a binding prediction or promise.

### Entire Agreement

13.  This letter, together with the Sealed Supplement, constitutes the complete plea agreement in this case. This letter, together with the Sealed Supplement, supersedes any prior understandings, promises, or conditions between the Government and the Defendant. There are no other agreements, promises, undertakings, or understandings between the Defendant and the

(cont'd)

Government other than those set forth in this letter and the Sealed Supplement. No changes to this Agreement will be effective unless in writing, signed by all parties and approved by the Court.

If the Defendant fully accepts each and every term and condition of this Agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Kelly O. Hayes
United States Attorney

By: _____
Digitally signed by THOMAS SULLIVAN
Date: 2025.04.28 06:46:35 -04'00'

Robert I. Goldaris
Thomas M. Sullivan
Assistant United States Attorneys

Christopher Rigali
Trial Attorney, DOJ

I have read this Agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorneys. I understand it and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

2 May 2025
Date

_____
Mark R. Unkenholz
Defendant

We are the Defendant's attorneys. We have carefully reviewed every part of this Agreement, including the Sealed Supplement with the Defendant. The Defendant advises us that the Defendant understands and accepts its terms. To our knowledge, the Defendant's decision to enter into this Agreement is an informed and voluntary one.

2 May 2025
Date

_____
James Wyda, Esquire
Courtney Francik, Esquire
Attorneys for Defendant

Rev. August 2018

## ATTACHMENT A

## STIPULATION OF FACTS

*The undersigned parties stipulate and agree that if this case had proceeded to trial, the Government would have proven the following facts beyond a reasonable doubt. The undersigned parties also stipulate and agree that the following facts do not encompass all of the evidence that would have been presented had this matter proceeded to trial.*

Mark Robert UNKENHOLZ, (hereinafter the "Defendant" or "UNKENHOLZ") was a resident of Maryland at all times relevant to this case. Prior to March 2022, UNKENHOLZ had been a government employee at the National Security Agency ("NSA"), where he rose to the ranks of the senior executive service. UNKENHOLZ worked for an office within NSA that was responsible for NSA's engagement with private industry. Throughout his employment at NSA, UNKENHOLZ held a TOP SECRET/SENSITIVE COMPARTMENTED INFORMATION ("TS/SCI") security clearance and routinely had authorized access to some of the United States Government's most sensitive intelligence information.

R.F. was a former NSA employee and co-worker/subordinate of UNKENHOLZ and UNKENHOLZ remained in touch with R.F. after R.F. left NSA. From about April 2016 until about June 2019, R.F. was employed at Company 1, and held a TS/SCI clearance. From about July 2019 until about January 2021, R.F. was employed at Company 2 and did not hold a security clearance.

In addition to government email addresses, UNKENHOLZ was the user of a specific private email account (the "UNKENHOLZ PERSONAL EMAIL ACCOUNT"). R.F. had company assigned email addresses while employed at both Company 1 and Company 2. Neither the UNKENHOLZ PERSONAL EMAIL ACCOUNT nor either of R.F.'s company accounts were authorized for the storage or transmission of documents containing classified information.

Between in or about February 2018 and in or about June 2020, UNKENHOLZ composed and sent several emails that contained classified information of the United States ("the Classified Materials") from the UNKENHOLZ PERSONAL EMAIL ACCOUNT to R.F.'s company email addresses. The Classified Materials contained national defense information that was owned and possessed by the United States Government and had been determined pursuant to Executive Order to require protection against unauthorized disclosure in the interests of national security. Specifically, the Classified Materials contained information classified at the TS/SCI and SECRET levels, meaning the unauthorized disclosure of this information could reasonably be expected to cause serious or exceptionally grave damage to the national security of the United States. UNKENHOLZ possessed the Classified Materials by virtue of his official government position at NSA. UNKENHOLZ knowingly removed the Classified Materials from approved

NSA storage systems without authorization with the intent to retain the Classified Materials at an unauthorized location, to wit: the UNKENHOLZ PERSONAL EMAIL ACCOUNT.

SO STIPULATED:

4/28/25
Date

Digitally signed by THOMAS SULLIVAN
Date: 2025.04.28 06:39:31 -04'00'

Robert I. Goldaris
Thomas M. Sullivan
Assistant United States Attorneys

Christopher Rigali
Trial Attorney, Department of Justice

2 May 2025
Date

Mark Robert Unkenholz
Defendant

2 May 2025
Date

James Wyda, Esquire
Courtney Francik, Esquire
Counsel for Defendant

2