



Stewart Baker Consulting
stewart@stewartbaker.net

The Honorable Stephanie A. Gallagher
United States District Judge
c/o Office of the Federal Public Defender
100 South Charles Street,
Tower II, 9th Floor
Baltimore, Maryland 21201

Re: Mark Unkenholz Sentencing

July 20, 2025

Dear Judge Gallagher:

I am writing on behalf of Mark Unkenholz. I met him in the early 1990s, when I became General Counsel of the National Security Agency. Since then, my experience in the intelligence community included

- Testimony to the 9/11 Commission on the contribution to that disaster of the Wall between law enforcement and intelligence
- Service as General Counsel of the Robb-Silberman Commission that examined US intelligence failures around Saddam Hussein's weapons of mass destruction; this required a deep dive into tradecraft at many intelligence agencies
- Service as the Assistant Secretary (now Under Secretary) of Policy at DHS

In those jobs, I was exposed to some of the best men and women in the intelligence community. Not one of them impressed me more than Mark Unkenholz.

Mark had a tough job at NSA. He helped to spot intelligence opportunities emerging from new commercial technology. And he then had to woo the skittish engineers and founder building the technology into cooperating with the agency. Everyone recognized that exposure of the relationship with NSA could be fatal to the companies' prospects. Very few executives at the companies were interested in obtaining security clearances. Mark had to find common ground and explain the value of the commercial technology to protecting the country – all without compromising classified information.  As far as I could see, he performed these tasks with interpersonal delicacy and technical sophistication.

The burden of the government's case against Mark is that in recent dealings with a former colleague, he failed to properly balance these competing demands. I accept the government's good faith in taking this view, and I recognize that years of successful high-wire performance are no guarantee against a fall. Still, I hope that in shaping Mark's sentence you can take into account his long, superb record of service to the nation. No one has argued that Mark acted out of malice or with any intent to cause harm to the country; something that would be simply inconsistent with the Mark I first met in 1992.

When people ask me about NSA's culture, I often say that it is a massive, highly technical agency that pays relentless attention to the nation's adversaries but otherwise knows only a little about the outside world. NSA employees tend to avoid engagement outside the agency. (This, in the end, often turns out to be a job for the General Counsel, who may be the only senior employee with actual experience outside the agency.) My shorthand version was, "If you are an NSA employee sent outside the agency to pursue important goals and you bring back exactly what the agency wants nine times out of ten, you're likely to be tagged for the rest of your career as the guy who screwed that one thing up." Unlike most, however, Mark was fearless and insightful in engaging with the outside world. His commitment and talent in that pursuit were badly needed at the agency. If those

qualities led him into error in this case, I hope that the sentence will take into account how rare and how valuable to the agency they were over the course of his career.

Finally, please indulge me in a point not directly related to sentencing. I have been struck by how many NSA employees, including senior executives, have questioned why this case was pursued criminally. Some of them have done the same kind of work as Mark did; others have depended on his successes. NSA employees are not known for challenging the decisions of leadership. But in this case, many of them have spoken out, fearing that the case will depress the work force's morale and willingness to take risks.

I share that fear. I think anyone who reads the letters about Mark's sentencing would at least have concerns along those lines.

I recognize that assessing this prosecution's impact on NSA 's effectiveness is not your job. But the letters were sent to you, and right now they are in your charge. If they deserve to be examined by others with broader responsibilities, you have the discretion, and perhaps the obligation, to make sure they are transmitted for assessment to the leadership of the NSA and of the House and Senate intelligence committees. I urge you to do that.

Respectfully,

Stewart A. Baker